

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-23-00168-CR

MICHAEL PRIETO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2015-405,988, Honorable Douglas H. Freitag, Presiding

September 27, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Michael Prieto, Appellant, pleaded guilty to a third-degree felony offense of domestic assault with a prior conviction in March of 2016.[1]  He was placed on community supervision for a term of six years.  The State filed a motion to revoke, which was heard in October of 2021.  At the hearing on the State's motion, Appellant pleaded "true" to one of the State's allegations and "not true" to the others.  The trial court found true the

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A).

allegations that Appellant committed the offense of failure to identify as a fugitive, failed to report to the community supervision officer over several time periods, failed to attend and complete substance abuse treatment, and failed to maintain abstinence from drugs not prescribed by a physician, namely marijuana and methamphetamine. The trial court revoked Appellant's community supervision and sentenced him to ten years' imprisonment. After Appellant's trial counsel did not file a timely notice of appeal, Appellant sought post-conviction habeas relief from the Court of Criminal Appeals, which granted an out-of-time appeal. *See Ex parte Prieto*, 666 S.W.3d 631, 631 (Tex. Crim. App. 2023) (per curiam). Appellant's appointed counsel on appeal has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm the judgment and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

se response to counsel's *Anders* brief. Appellant has not filed a response and the State has not filed a brief.

By his *Anders* brief, counsel evaluates the proceedings and concedes there are no errors on which relief may be granted. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We affirm the trial court's judgment and grant counsel's motion to withdraw.[3] *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.

3